**In re GLICKMAN, BERKOVITZ, LEVINSON & WEINER, a Professional Corporation, Debtor.**

**Michael A. VALUCCI, Appellant,**

v.

**GLICKMAN, BERKOVITZ, LEVINSON & WEINER, a Professional Corporation, Appellee.**

Bankruptcy No. 94–17034–SR.

Civil Action No. 95–4302.

United States District Court,
E.D. Pennsylvania.

Jan. 14, 1997.

Lawrence J. Tabas and David C. Shuter, Obermayer, Rebmann, Maxwell and Hippel, Philadelphia, PA, for Debtor.

Virginia H. Miller and Bruce Hartman, Dilworth, Paxson, Kalish & Kauffman L.L.P., Philadelphia, PA, for Appellant.

Robert A. Kargen, Kaplin, Stewart, Meloff, Reiter and Stein, P.C., Blue Bell, PA, for Interested Party.

### MEMORANDUM

LOWELL A. REED, Jr., District Judge.

This is an appeal from an order of the bankruptcy court dated June 15, 1995, granting the motion of Glickman, Berkovitz, Levinson & Weiner ("the debtor") to sell certain accounts receivable and work-in-process and to provide releases to its former professional employees. The complete releases free the former professional employees of the debtor from liability to the debtor arising from activities during employment.

Michael A. Valucci ("the appellant"), a creditor and former employee of the debtor, has filed this appeal, objecting to the order of the bankruptcy court. The appellant contends that (1) the bankruptcy court failed to make necessary factual findings that the sale of the accounts receivable and work-in-process ("WIP")[1] was made in good faith; (2) the bankruptcy court failed to conduct a hearing to determine whether the settlement with the proposed purchasers was in the best interests of the estate of the debtor; and (3) the sale of accounts receivable and WIP and the releases provided to the proposed purchasers were not fair and equitable or in the best interest of the estate.

Harvey Grossman ("Grossman"), a former professional employee of the debtor and a purchaser of the accounts receivable and WIP formerly owned by the debtor, filed a reply brief. Grossman contends that the appeal is moot because the appellant never sought a stay of the sale pending this appeal. Grossman also contends that the appellant has waived the right to appeal by not timely objecting to the proposed sale and releases and that Valucci filed the appeal in bad faith.

On August 14, 1995, the debtor filed a joinder in support of the brief filed by Grossman (Document No. 5).

### FACTUAL BACKGROUND

The debtor, a defunct accounting firm, filed a voluntary petition in bankruptcy on October 27, 1994. On May 1, 1995, the debtor filed a motion ("the original motion") seeking approval from the bankruptcy court to sell specified accounts receivable and WIP and to grant releases to certain former employees. The original motion stated that the accounts receivable and work-in-process, having a gross value of $1,545,445, would be sold for $637,500. The proposed purchasers of the accounts receivable and WIP were all former professional employees of the debtor, including Grossman. The general and complete releases to former professional employees of the debtor applied to any claims which the debtor might have or acquire against the former professional employees. Pursuant to the terms of the original motion, the debtor did not require additional consideration for the general and complete releases and provided the releases to all former professional employees, regardless of their interest in purchasing accounts receivable and WIP.

One month later, on June 1, 1995, the debtor filed a second motion ("the amended motion") reflecting changes in the offer to former employees. The terms of the modified offer required $25,000 from each former employee as consideration for the general and complete release from liability, in addition to the purchase price of the accounts receivable and WIP. Furthermore, the modified offer provided releases only to those former professional employees who agreed to purchase the accounts receivable and WIP from the debtor.

The appellant filed a response to the amended motion, objecting to various aspects of the sale. The bankruptcy court heard argument on the amended motion on June 14, 1995. The bankruptcy court entered an order granting the amended motion of the debtor, to which the appellant filed a notice

---

1. Work-in-process are intangible contract rights in the form of unbilled time for services performed for clients.

of appeal. The appellant did not, however, obtain a stay of the proposed sale pending the appeal. The record does not reveal whether the sale of the accounts receivable and WIP has been completed.

## DISCUSSION

In reviewing bankruptcy court orders, a district court sits as an appellate court, having jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges. *See* 28 U.S.C. § 158(a). The legal conclusions of the bankruptcy court are subject to plenary review, but the district court may not set aside the factual findings of the bankruptcy court unless they are clearly erroneous. *In re Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir.1988). In addition, a reviewing court shall give "due regard" to the bankruptcy court's opportunity to judge the credibility of witnesses. *Fellheimer, Eichen & Braverman v. Charter Technologies, Inc.*, 57 F.3d 1215, 1223 (3d Cir.1995).

### A. Harvey Grossman as Appellee Before This Court

■ Harvey Grossman, a former professional employee of the debtor, has filed a brief in which the debtor has joined. The appellant, citing to Rule 8009 of the Federal Rules of Bankruptcy Procedure, contends that this Court may not consider the brief filed by Grossman because Grossman has neither stated his authority for filing the brief nor moved to intervene in the appeal. Rule 8009 governs the filing and service of bankruptcy appellate briefs; it does not state who is entitled to file a brief. However, § 1109(b) of the Bankruptcy Code does state who may be heard as a party in interest. 11 U.S.C. § 1109(b). Section 1109(b) provides that a party in interest "may raise and may appear and be heard on any issue in a case under this chapter. 11 U.S.C. § 1109(b). As used in the Bankruptcy Code, the term "party in interest" specifically includes, among others, an equity security holder. *See* 11 U.S.C. § 1109(b). Grossman contends, and I have found no evidence to the contrary, that

he is an equity security holder of the debtor, and as such he is a party in interest, thereby permitted to proceed before this Court. *See* 11 U.S.C. § 1109(b). Moreover, courts interpret § 1109(b) broadly in order to enable parties affected by a bankruptcy to protect their interests. *See In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir.1985); *In re Farley, Inc.*, 156 B.R. 203 (Bankr.N.D.Ill.1993). Undoubtedly, Grossman, as a purchaser of the accounts receivable and WIP, is affected by the bankruptcy. Therefore, I will accept his brief in response to the appeal and consider the arguments raised therein.[2]

### B. Waiver and Bad Faith

■ Grossman contends that the appellant has waived his right to appeal the Order of the bankruptcy court because he failed to object to the original motion. However, the bankruptcy court approved the amended motion, not the original motion. The record reveals that the appellant filed objections in the bankruptcy court in opposition to the amended motion, thereby preserving his right to raise the issues on appeal. *See Frank v. Colt Indus., Inc.*, 910 F.2d 90, 100 (3d Cir.1990). Therefore, I find that the appellant has not waived his right to appeal the Order of the bankruptcy court granting the amended motion.

■ According to Grossman, the appellant is not sincerely concerned about whether the transaction is in the best interests of the debtor but has filed this appeal in an effort to obtain the free releases as proposed in the original offer. Grossman has failed to cite any cases supporting the proposition that self-interest, rather than mere altruistic concern for the best interests of the debtor, constitutes bad faith. I find that the appellant has not acted in bad faith by exercising his right to file an appeal.

### C. Sale of Assets

■ According to Grossman, the appellant has failed to obtain a stay of the sale of the accounts receivable and WIP pending this

---

**2.** Although not legally dispositive, I find it odd that the appellant named Grossman as a party to the Order at issue and now objects to his submission of a brief. *See* Notice of Appeal, Exhibit A of Surreply Brief of Harvey Grossman.

appeal, and at this time the sale approved by the bankruptcy court has been completed, thus rendering this appeal moot. The Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The Code further provides:

> The reversal or modification on appeal of an authorization under subsection (b) ... of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property *in good faith*, whether or not such entity knew of the pendency of the appeal, *unless such authorization and such sale or lease were stayed pending appeal.*

11 U.S.C. § 363(m) (emphasis added). Accordingly, when a bankruptcy court authorizes a sale of assets pursuant to § 363(b)(1), it is required to make a finding with respect to the "good faith of the purchaser." *See In re Abbotts Dairies of Pa., Inc.,* 788 F.2d 143, 150 (3d Cir.1986). The Court of Appeals for the Third Circuit implemented this requirement, based upon the terms of the statute, in order to place prospective appellants on notice of the need to obtain a stay pending appeal, or face dismissal for mootness pursuant to § 363(m), should the district court affirm the bankruptcy court's finding of good faith. *Id.*

■ In the instant case, the appellant failed to obtain a stay of the Order of the bankruptcy court dated June 15, 1995. The bankruptcy court, however, did not make a finding that the sale of accounts receivable and WIP was made in good faith.[3] In the absence of a finding of good faith by the bankruptcy court, I cannot conclude that the failure of the appellant to obtain a stay renders this appeal moot pursuant to § 363(m). Accordingly, I will remand this matter to the bankruptcy court for a finding as to the good faith of the purchasers, as that term has been defined and analyzed in this Circuit. *See id.* at 149 (stating that district court

should have remanded the issue of good faith to the bankruptcy court rather than determining this question in the first instance).

■ Similar to the statutory mootness issue raised by § 363(m), I find the record incomplete to determine whether this appeal is moot pursuant to Article III. The Court of Appeals for the Third Circuit has held that an appeal from a bankruptcy court order approving the sale of assets becomes moot if the property purchased from the debtor becomes "irreversibly commingled" with that of the purchaser. *See id.* at 151. A bankruptcy appeal will become moot only where the party claiming mootness has shown that the outcome of the appeal could not affect the legal interests of the parties. *Id.* In other words, if the bankruptcy court has the power to undo the sale, the appeal is not moot.

Despite the contentions of Grossman to the contrary, the evidence of record does not reveal that the Order of the bankruptcy court has been fully executed nor that the property purchased has been irreversibly commingled with that of the purchaser. On the factual record before me, I cannot find that the bankruptcy court can no longer grant effective relief, which would render the subject matter of this appeal moot pursuant to Article III. Therefore, I shall remand this matter to the bankruptcy court to determine whether the purchasers acted in good faith as that term has been defined in this Circuit. If the bankruptcy court finds that the purchasers did not act in good faith, it must determine whether it has the power to undo the sale, *i.e.,* whether the sale has become moot under Article III. Finally, if the bankruptcy court determines that it has the power to undo the sale, it should, in an exercise of its equitable jurisdiction, determine whether to exercise that power, or whether another remedy should be pursued. *See Abbotts Dairies,* 788 F.2d at 151.

### D. General and Complete Releases

■ The proposed sale of assets by the debtor includes general and complete releases of the claims of the debtor against the

---

**3.** Although neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure define "good faith," courts applying § 363(m) have held that the phrase encompasses one who purchases in "good faith" and for "value." *In re Abbotts Dairies of Pa., Inc.,* 788 F.2d 143, 147 (3d Cir. 1986).

each proposed purchaser in exchange for $25,000. The courts have distinguished between the post-petition sale of assets, which are governed by 11 U.S.C. § 363(b), and the settlement of pre-petition claims, which are governed by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure. *See In re Pa. Truck Lines, Inc.,* 150 B.R. 595, 598 (E.D.Pa.1992); *In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 390, 395 (E.D.Pa. 1987). The evidence of record does not reveal the nature of the claims of the debtor to which the releases shall apply. I am unable to determine, from the record before me, whether the parties intend the releases to cover claims of the debtor that arose before the bankruptcy proceedings began or claims of the debtor that have arisen after the proceedings commenced. In the former scenario, the releases constitute settlement of pre-petition claims and should be reviewed by the bankruptcy court pursuant to Rule 9019(a). In the latter scenario, the releases are likened to the post-petition sale of an asset, *i.e.,* the cause of action, and should be reviewed by the bankruptcy court pursuant to § 363(b). The parties have assumed that the general and complete releases constitute a settlement of pre-petition claims, and I shall proceed under that assumption. *See* Brief for Appellant at 11; Brief for Harry Grossman at 18.

The bankruptcy court must review the settlement of pre-petition claims under Bankruptcy Rule 9019(a). Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "[o]n motion by the trustee and after a hearing on notice to creditors, ... the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a). The Court must address four considerations in determining the fairness, reasonableness and adequacy of a settlement: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re Grant Broadcasting,* 71 B.R. at 395. A bankruptcy court must consider these factors

"to see whether the settlement falls below the lowest point in the range of reasonableness." *Id.*

The transcript of the hearing in the bankruptcy court on June 14, 1995, reveals that the debtor did not address the four considerations outlined above. In fact, when counsel asked the court to evaluate the reasonableness of the releases, the bankruptcy court responded that the court could "assume that [the debtor] has evaluated [the releases] and concluded that they are not giving away anything for which they are not receiving equivalent value," and the court could "take comfort on that issue in the fact that those parties with a significant stake in the outcome apparently agree with that judgment, in particular the creditors committee, the secured creditor and those retired partners." *See* Transcript of hearing on June 14, 1995. The debtor having failed to make a full record in support of the settlement, it is no wonder that the Order of the bankruptcy court dated June 15, 1995, lacks specific findings of fact to show that the bankruptcy court carefully weighed the pertinent considerations in assessing the fairness, reasonableness and adequacy of the settlement. *See In re Grant Broadcasting,* 71 B.R. at 396.

I find that the bankruptcy court failed to review the terms of the settlement under the appropriate standard. To meet its burden the trustee must establish that the proposed settlement is in the best interests of the estate. *See In re Neshaminy Office Building Associates,* 62 B.R. 798, 803 (E.D.Pa. 1986). Therefore, I shall remand this matter to the bankruptcy court to conduct a hearing and review the evidentiary record created at the hearing and the terms of the settlement in light of the relevant criteria enumerated above, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, in order to determine whether the settlement is in the best interest of the estate.

## CONCLUSION

For the foregoing reasons, the June 15, 1995 Order of the bankruptcy court will be vacated, and the case will be remanded to the

bankruptcy court for further proceedings not inconsistent with this memorandum opinion.