

Villanova University School of Law

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2002

# In Re: RFE Ind Inc

Precedential or Non-Precedential:

Docket 0-2184

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In Re: RFE Ind Inc" (2002). *2002 Decisions.* Paper 157.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/157

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed March 8, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-2184

IN RE: RFE INDUSTRIES, INC.

FRY'S METALS, INC.;
CAMERON & MITTLEMAN

v.

JOHN J. GIBBONS, Trustee for the Estate of RFE
Industries, Inc.; ANTON NOLL, INC.; WESTBURY ALLOYS,
INC.; SPARFVEN & COMPANY, INC.; MICHAEL SPARFVEN

Fry's Metals, Inc.,
        Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 00-cv-01868)
District Judge: Hon. William H. Walls

Argued November 1, 2001

Before: SLOVITER, NYGAARD, and CUDAHY,*
Circuit Judges

(Filed: March 8, 2002)

_____

* Hon. Richard D. Cudahy, United States Court of Appeals for the
        Seventh Circuit, sitting by designation.

Jonathan I. Rabinowitz (ARGUED)
Henry M. Karwowski
Rabinowitz, Trenk, Lubetkin &
 Tully, P.C.
West Orange, N.J. 07052-3303

 Attorneys for Appellant,
Fry's Metals, Inc.

Lawrence K. Lesnick
 (ARGUED)
Ravin Greenberg P.C.
Roseland, N.J. 07068

 Attorney for Appellee,
RFE Industries, Inc.

OPINION OF THE COURT

Cudahy, Circuit Judge.

Fry's Metals, Inc. (Fry's) appeals from the judgment of the district court affirming the order of the bankruptcy court, which denied approval of a settlement between Fry's and the former Trustee of RFE. We vacate and remand.

I.

On August 19, 1997, RFE Industries, Inc. (Debtor or RFE) voluntarily filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. On September 8, 1997, RFE received authorization to sell its MFE Division, which processes and refines metals, to Anton Noll, Inc. (Anton). Anton agreed to make an up-front payment of approximately $400,000 and to pay "royalties" to RFE for three years. RFE expected the royalty payments to be, at a minimum, about $360,000 per year.

On November 10, 1997, John J. Gibbons was appointed as Chapter 11 Trustee for Debtor's estate because of allegations of "fraud or gross mismanagement of the affairs of the Debtor by current management." On February 13, 1998, Anton agreed to sell the MFE assets to Fry's and

2

Westbury Alloys, Inc. (now Sparfven & Company, Inc. or Sparfven) for at least $950,000. After the sale, Anton failed to remit any royalty to RFE, so Gibbons sued Anton, Sparfven and Fry's for breach of contract and certain state torts. After discovery, Gibbons and Fry's agreed to a settlement of the estate's claims against Fry's (the Settlement). The estate's claims against Anton and Sparfven are unaffected by the Settlement.

Meanwhile, because RFE was successful in challenging some claims by its creditors and in settling other claims, RFE was able to pay all its creditors in full. Thus, Gibbons and RFE moved to dismiss the bankruptcy case. Fry's then objected, however, that the Settlement had not yet been approved by the bankruptcy court. To satisfy Fry's objections, the Dismissal Order stipulated that the bankruptcy court would retain limited jurisdiction to "enforce and consummate a previously agreed-upon settlement between some of the parties thereto."

Notice of the Settlement was then sent to all parties and a hearing date was set. At the hearing, Gibbons and Fry's moved for approval of the Settlement. RFE objected. The bankruptcy court initially approved the Settlement, holding that RFE had waived any objections to it. Later, developing some doubts about whether RFE had actually waived its right to object to the Settlement, the bankruptcy court asked the parties to file supplemental briefs on that issue. After another hearing, the bankruptcy court vacated its prior order and entered an order denying approval of the Settlement. On July 18, 2000, the district court entered an order affirming the bankruptcy court's order. Fry's appeals.

II.

This Court has jurisdiction under 28 U.S.C. S 1291. This Court exercises plenary review of a district court's decision in a bankruptcy matter. In re Gi Nam, 273 F.3d 281, 285 (3d Cir. 2001).

A.

The Dismissal Order of RFE's bankruptcy case provides: "Notwithstanding the entry of this order, this Court shall

3

retain jurisdiction of the pending adversary proceeding captioned John J. Gibbons, Trustee v. Anton Noll, Inc., Fry's Metals, Inc. v. Sparfven & Company., Inc. et al, adversary proceeding number 99-2331 to enforce and consummate a previously agreed-upon settlement between some of the parties thereto." Fry's argues that the Dismissal Order specifically limited the jurisdiction of the bankruptcy court to the enforcement and consummation of the Settlement. Hence, Fry's argues that the bankruptcy court had no jurisdiction to review the merits of the Settlement. Here, we review whether a bankruptcy court has subject-matter jurisdiction de novo.

All parties agree that the bankruptcy court has jurisdiction over the Settlement despite the case's being dismissed. Fry's merely seeks to narrow the jurisdiction of the bankruptcy court to the enforcement and consummation of the Settlement. In this connection, Federal Rule of Bankruptcy Procedure 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019 (1993) (emphasis added). We note particularly that the Bankruptcy Code uses the word"may" and not "must." Thus, the bankruptcy court's jurisdiction includes the power to disapprove a settlement. Allowing dismissal orders to narrow the authority of the bankruptcy court in the circumstances presented here would deny the bankruptcy court power to consider such matters as possible collusion between trustees and third-parties. Hence, in the interest of preserving a meaningful level of review, we hold that the bankruptcy court had power to disapprove (as well as to approve) the Settlement. The standard of review that the bankruptcy court must apply in approving or in disapproving a settlement is a matter we will discuss below.

B.

Gibbons, the Trustee, and Fry's entered into a settlement of the estate's claims against Fry's. Because RFE did not participate in the Settlement, Fry's argues that RFE had no standing to object to the Settlement. We review the issue of standing de novo.

4

In order for a settlement to be approved by the bankruptcy court, Federal Rule of Bankruptcy Procedure 9019(a) provides that "[n]otice [of the settlement] shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019 (1993) (emphasis added). It is implicit in the debtor's being given notice in this fashion that the debtor may object to a proposed settlement. Further, in this case, the party most clearly adversely affected by the Settlement (and perhaps, since there are no creditors, the only party adversely affected by the Settlement) is RFE. Therefore, RFE has standing to object to the Settlement even though it was not a party to the Settlement.

C.

Gibbons and RFE moved to dismiss RFE's bankruptcy case because RFE's creditors had been paid in full. Due to Fry's objections, RFE included in its proposed Dismissal Order the language about the bankruptcy court's retention of jurisdiction over the Settlement. Thus, Fry's argues that RFE, by agreeing to this restrictive language, waived its right to object to the Settlement or should be equitably estopped from objecting to the Settlement. The issues of waiver and estoppel are reviewed de novo, although the bankruptcy court's findings of fact are accepted unless clearly erroneous. See In re New Valley Corp. , 89 F.3d 143, 148 (3d Cir. 1996).

Waiver is the "intentional relinquishment or abandonment of a known right." United States v. Dispoz-O-Plastics, Inc., 172 F.3d 275, 282 (3d Cir. 1999) (internal quotations and citations omitted). Fry's argues that RFE waived its rights to object to the Settlement when RFE proposed the language in the Dismissal Order that provided for the retention of what could be construed as limited jurisdiction by the bankruptcy court. However, the bankruptcy court found that RFE had not waived its rights. Because the language of the Settlement had not been disclosed to third parties, including the Debtor, RFE had no idea what the Settlement entailed. RFE therefore could not

5

have intentionally relinquished a known right when it did not know what it was relinquishing.

Fry's also argues that RFE should be equitably estopped from objecting to the Settlement. "Parties claiming equitable estoppel must establish that (1) a representation of fact was made to them, (2) upon which they had a right to rely, and (3) the denial of the represented fact by the party making the representation would result in injury to the relying party." Wheeling–Pittsburgh Steel Corp. v. McCune, 836 F.2d 153, 162–163 (3d Cir. 1987). Fry's claims that, when RFE proposed the language in the Dismissal Order, RFE represented that it would not object to the Settlement. If Fry's had known that RFE would object to the Settlement, Fry's now claims that it would not have agreed to the dismissal of the bankruptcy case. Thus, Fry's seek to estop RFE from objecting to the Settlement. Fry's argument is unpersuasive. First, even if the bankruptcy case had not been dismissed, RFE would still have been able to make objections at a hearing on the Settlement. More importantly, RFE could not (and likely did not) make the representation that Fry's alleges that it made. As previously noted, the Dismissal Order gave the bankruptcy court apparently limited jurisdiction to "enforce and consummate" the Settlement. But because the power of the bankruptcy court cannot be narrowed by the Dismissal Order, that order can only be read to permit the enforcement of a properly approved Settlement. Proper approval of a settlement requires that the Debtor have an opportunity to make any objections to the settlement. RFE had not had any opportunity to make such objections to the Settlement. Further, the language in the Dismissal Order does not plainly state that RFE was waiving any such opportunity. Therefore, RFE's proposal of the language in the Dismissal Order was not a representation by RFE that it would not object to the Settlement.

Thus, we hold that RFE had not waived its right to object to the Settlement and is not estopped from objecting to the Settlement.

D.

Turning to the merits, Fry's urges this Court to approve the Settlement in light of In re Martin, 91 F.3d 389, 393 (3d

6

Cir. 1996), or, in the alternative, remand to the bankruptcy court for an analysis of the settlement under the Martin factors. We review de novo whether the bankruptcy court should have analyzed the Settlement under the Martin analysis

In Martin, we held that a bankruptcy court should examine four factors in deciding whether to approve or disapprove a settlement. See Martin, 91 F.3d at 393. These factors are: (1) the probability of success in litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. See id.

Here, the bankruptcy court did not make any findings of fact on these four issues. Rather, it disapproved the Settlement on the grounds that RFE had not waived its objection to it, and the bankruptcy case no longer existed. However, these grounds are insufficient under Martin and cannot support the approval or the disapproval of a settlement. For example, the failure to waive objections to the Settlement goes to the question of standing or the existence of affirmative defenses, not to the reasonableness of the Settlement. Similarly, the dismissal of the bankruptcy case goes to the question of the jurisdiction of the bankruptcy court, not to whether the Settlement should be approved or disapproved. We agree with Fry's that the bankruptcy court should have examined the Settlement under the Martin framework. Here, the bankruptcy court retained jurisdiction over an unresolved matter of RFE's bankruptcy case--the approval or disapproval of the Settlement. Because the bankruptcy case is still ongoing as to that matter, the bankruptcy court must examine the Settlement using the Martin analysis. Hence, we remand for an examination of the "fairness, reasonableness and adequacy" of the Settlement in light of the factors listed in Martin. In re Glickman, Berkovitz, Levinson & Weiner, P.C., 204 B.R. 450, 455 (E.D. Pa. 1997). Because the situation has changed drastically since Gibbons first negotiated the Settlement, the bankruptcy court should examine the Martin factors in light of the present circumstances. For example, since there are no creditors involved, the fourth

7

factor in Martin test will need to be modified. Substituting the paramount interest of the shareholders of RFE for the paramount interest of the creditors appears to be consistent with the purpose of the Martin test--to maximize the recovery of those to whom the company has obligations. The judgment of the former Trustee, Gibbons, is also entitled to less deference since RFE is no longer in bankruptcy.

III.

For the foregoing reasons, we will reverse the judgment of the District Court and remand for further proceedings.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit